Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

ALBERTO AMARO RODRIGUEZ, individually, and on
behalf of all others similarly situated,

|  |  |
|---|---|
| Plaintiff, | **COLLECTIVE ACTION COMPLAINT** |
| -against- | **JURY TRIAL DEMANDED** |
| GRIDDLE, INC., and KONSTANTINOS LOUVROS, as an individual, | |
| Defendants. | |

-------------------------------------------------------------------------X

1. Plaintiff, **ALBERTO AMARO RODRIGUEZ**, individually, and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff"), by and through his attorneys, Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

2. Plaintiff, **ALBERTO AMARO RODRIGUEZ**, individually, and on behalf of all others similarly situated, through undersigned counsel, brings this action against **GRIDDLE, INC. and KONSTANTINOS LOUVROS, as an individual** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at GRIDDLE, INC. located at 30-18 Hunters Point Avenue, Long Island City, New York 11101.

3. Plaintiff was employed by Defendants from in or around July 2016 until in or around July 2020.

4. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00.  Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

9. Plaintiff ALBERTO AMARO RODRIGUEZ, residing at 39-65 50th Street, Flushing, NY 11377, was employed by the Defendants from in or around July 2016 until in or around July 2020.

10. Defendant GRIDDLE, INC., is a domestic business corporation organized under, and existing by virtue of the laws of the State of New York, with a principal place of business located at 30-18 Hunters Point Avenue, Long Island City, New York, 11101.

11. Upon information and belief, Defendant GRIDDLE, INC. is authorized to do business under the laws of New York.

12. Upon information and belief, Defendant KONSTANTINOS LOUVROS is the Chief Executive Officer of Defendant GRIDDLE, INC., and resides at 154 Longvue Terrace Yonkers, New York 10710-2522, and has offices located at 30-18 Hunters Point Avenue, Long Island City, New York, 11101.

13. Upon information and belief, Defendant KONSTANTINOS LOUVROS owns and/or operates Defendant GRIDDLE, INC.

14. Upon information and belief, Defendant KONSTANTINOS LOUVROS is the President of Defendant GRIDDLE, INC.

15. Upon information and belief, Defendant KONSTANTINOS LOUVROS is an agent of Defendant GRIDDLE, INC.

16. Upon information and belief, Defendant KONSTANTINOS LOUVROS has power and/or the authority over the personnel decisions at Defendant GRIDDLE, INC.

17. Upon information and belief, Defendant KONSTANTINOS LOUVROS has power and/or the authority over the payroll decisions at GRIDDLE, INC.

18. Defendant KONSTANTINOS LOUVROS has the power to hire and fire employees at Defendant GRIDDLE, INC., establish and pay their wages, set their work schedule, and maintains their employment records at GRIDDLE, INC.

19. During all relevant times described herein, Defendant KONSTANTINOS LOUVROS was Plaintiff's employer within the meaning of the FLSA and NYLL.

20. During all relevant times herein, Defendant GRIDDLE, INC. was Plaintiff's employer within the meaning of the FLSA and NYLL.

21. Upon information and belief, GRIDDLE, INC. is, at present, and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

22. Plaintiff ALBERTO AMARO RODRIGUEZ was employed by Defendants at GRIDDLE, INC., from in or around July 2016 until in or around July 2020.

23. During Plaintiff ALBERTO AMARO RODRIGUEZ's employment by Defendants, Plaintiff's primary duties consisted of, among other things, preparing, assembling, and performing deliveries for Defendants' orders, cleaning, moping, serving as a busboy, stocking goods, and performing other miscellaneous job duties for the Defendants from in or around July 2016 until in or around July 2020.

24. Upon information and belief, Plaintiff ALBERTO AMARO RODRIGUEZ worked for the Defendants forty-two and a half (42.5) hours, or more, per week from in or around July 2016 until in or around March 2020, and approximately thirty-seven and a half (37.5) hours from in or around March 2020 until in or around July 2020.

25. Although Plaintiff ALBERTO AMARO RODRIGUEZ worked for Defendants forty-two and a half (42.5) hours or more per week, from in or around July 2016 until in or around March 2020, Defendants did not pay Plaintiff at a rate of time and a half (1.5) for hours Plaintiff worked over forty (40), a blatant violation of the overtime provisions of the FLSA and the NYLL.

26. Plaintiff ALBERTO AMARO RODRIGUEZ was paid by the Defendants:

     i.  In 2016, approximately $6.50 per hour;

    ii.  In 2017, approximately $8.00 per hour;

   iii.  In 2018, approximately $8.00 per hour;

   iv.  In 2019, approximately $10.00 per hour; and

    v.  In 2020, approximately $10.00 per hour.

27. Therefore, Defendants failed to pay Plaintiff ALBERTO AMARO RODRIGUEZ the legally prescribed minimum wage for his hours worked, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

28. Upon information and belief, Defendants made unlawful deductions in the amount of approximately two percent (2%) daily to Plaintiff's wages throughout the course of Plaintiff's employment with Defendants.

29. Moreover, upon information and belief, Defendants made an approximately five-dollar ($5) unlawful deduction to Plaintiff's wages for lunch every day, throughout the course of Plaintiff's employment with Defendants.

30. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

31. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.

32. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding

$100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

34. Collective Class: All persons who are, were or have been employed by Defendants as a delivery driver, kitchen staff, busboy, or other similarly titled personnel or personnel performing substantially similar job requirements and/or pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols or plans including willfully failing and refusing to pay required minimum wage and/or overtime compensation.

35. Upon information and belief, Defendants employed approximately 15 - 20 employees within the relevant time period who were subjected to similar payment structures.

36. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty (40) hours per week without appropriate overtime compensation.

37. Defendants' unlawful conduct has been widespread, repeated, and consistent.

38. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay under the law.

39. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

40. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

41. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

42. The claims of Plaintiff are typical of the claims of the putative class.

43. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

44. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

45. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

46. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

47. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

48. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

49. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

50. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants knew or should have known their actions were violations of law and Defendants have not made a good effort to comply with the FLSA with respect to the compensation of Plaintiff.

51. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

52. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

53. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

54. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

55. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

56. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

57. At all relevant times, Defendants failed to pay Plaintiff the lawful minimum hourly wage for all hours worked in violation of 29 U.S.C. § 206(a).

58. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Collective Plaintiffs.

59. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

7

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

60. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

61. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

62. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

63. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

64. Defendants failed to credit or compensate Plaintiff the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

65. Defendants failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

66. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
### Unlawful Deductions from Wages under the New York Labor Law

67. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

68. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

69. Throughout the course of Plaintiff's employment with Defendants, Defendants made unlawful deductions to the wages of the Plaintiff without his written consent in violation of NYLL §193, in the amount of approximately two percent (2%) daily.

70. Throughout the course of Plaintiff's employment with Defendants, Defendants made unlawful deductions to the wages of the Plaintiff without his written consent in violation of NYLL §193, by deducting five-dollar ($5.00) daily from Plaintiff's wages for "lunch."

71. Defendants' unlawful deductions from the wages of the Plaintiff were not made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency, were not for the benefit of the Plaintiff, were not for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, or similar payments for the benefit of the Plaintiff.

72. Plaintiff's compensation from Defendants constitute wages within the meaning of the term "wages" in the NYLL §§190 et seq.

73. The named Plaintiff is an employee within the meaning of the term "employee" in the NYLL §§190 et seq.

74. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, the amount of his unlawful deductions and an amount equal to his unlawful deductions in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### SIXTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements under the New York Labor Law**

75. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

76. Defendants failed to provide Plaintiff with a written notice, in English, and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

77. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

78. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

79. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3).

80. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff unpaid overtime wages;

c. Awarding Plaintiff unpaid minimum wages;

d. Awarding Plaintiff compensation for any unlawful deductions made by Defendants to Plaintiff's pay not made in accordance with law;

e. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

f. Awarding Plaintiff prejudgment and post-judgment interest;

g. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

h. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 23rd day of December 2020.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, P.C.
Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALBERTO AMARO RODRIGUEZ, individually, and on
behalf of all others similarly situated,

                              Plaintiff(s),

        -against-

GRIDDLE, INC., and KONSTANTINOS LOUVROS, as
an individual,

                              Defendants.

## SUMMONS & COLLECTIVE ACTION COMPLAINT

### HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**GRIDDLE, INC.**
**30-18 HUNTERS POINT AVENUE**
**LONG ISLAND CITY, NEW YORK 11101**

**KONSTANTINOS LOUVROS**
**154 LONGVUE TERRACE**
**YONKERS, NEW YORK 10710-2522**